

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

SEP 2 3 2015

TIM RHODES
COURT CLERK
31_____

| | |
|---|---|
| **JANNIE P. LIGONS, on behalf of herself and a class of other similarly situated victims believed to include T.M., T.B., C.R., F.M., R.G., C.J. and other African-American females,** | ) ) ) ) ) ) |
| **Plaintiffs,** | ) ) |
| **v.** | ) ) |
| **1. DANIEL HOLTZCLAW, individually,** **2. THE CITY OF OKLAHOMA CITY,** **OKLAHOMA, a municipal corporation,** | ) ) ) ) ) |
| **Defendants.** | ) |

**CASE NO. CJ-2015-3365**

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

SEP 2 3 2015

TIM RHODES
COURT CLERK
31_____

## MOTION TO STAY CIVIL CASE
## AND BRIEF IN SUPPORT

Defendant Daniel Holtzclaw respectfully requests this court stay the above styled action pending final resolution of the Oklahoma County District Court criminal proceedings in CF-2014-5869. The criminal case is currently set for trial beginning November 2, 2015. See, relevant pages of docket sheet, attached as Exhibit A. A stay is appropriate, as discussed in the attached brief, because the civil case arises out of, and seeks damages for, the alleged sexual assaults for which Defendant Holtzclaw faces trial in the criminal proceeding.

### BRIEF IN SUPPORT OF MOTION TO STAY

Under Oklahoma law, the decision whether to stay a case is vested in the discretion of the trial court. As the Oklahoma Supreme Court recognized in *Sautbine v. United States*

EXHIBIT

5

*Cities Corporation*, 1926 OK 74, 243 P. 499, 500, every court has the inherent power to control its own process, and may exercise discretion to stay its process to prevent injustice. A court may exercise its discretion to grant a stay of a civil case unless there is a strong public interest in ensuring the civil case proceeds expeditiously. *State of Oklahoma v. Gasaway*, 1993 OK 133, 863 P.2d 1189, 1197.

In the instant case, both the civil case before this court and CF-2014-5869 arise out of the same series of sexual assaults allegedly committed by Defendant Holtzclaw between November of 2013 and June of 2014. The Plaintiff alleges Defendant Holtzclaw "used his position as an Oklahoma City police officer to commit sexual assaults and batteries" on the Plaintiff (and other potential Plaintiffs). See, Amended Petition, ¶4, ¶6, and ¶11, attached as Exhibit B. Defendant Holtzclaw has been charged with multiple felonies and his case is set for trial on November 2, 2015.[1] Defendant Holtzclaw believes a stay of the civil case is appropriate because the issues in the two cases are virtually identical. It would be impossible for him to answer any interrogatories or give any deposition testimony regarding his alleged interaction with the Plaintiff without waiving his Fifth Amendment right against self-incrimination. Any answers given in the civil case have the potential to be used against him in the criminal case.

A similar request for a stay was granted in *Collier v. Reese*, 2009 OK 86, 223 P.3d 966, in which the plaintiff and defendant were involved in a fight. The defendant was

---

[1]The undersigned counsel do not represent Defendant Holtzclaw in the criminal case.

charged with assault and battery.  While the criminal charges were pending, the plaintiff filed a civil suit for assault and battery. *Collier* at 968-969.  The defendant requested, and the trial court granted, a motion to stay the civil proceedings, including discovery.  *Id.* at 970.[2]

In *Gasaway*, the Oklahoma Supreme Court cited *United States v. Kordel*, 397 U.S. 1, 90 S. Ct. 763, 770 n. 27, 25 L. Ed. 2d 1(1970), for the proposition that the Constitution does not require a stay of civil proceeding until criminal action is no longer possible, but that the court has discretion to grant a stay when circumstances warrant.  In *Kordel*, the United States Supreme Court found no stay was necessary because the civil interrogatories at issue were directed to a corporation, and the individual defendant's Fifth Amendment rights could be adequately protected by designating a different corporate representative to answer interrogatories. *Kordel* at 768.  However, the Supreme Court recognized that the individual defendant could "without question" have invoked his Fifth Amendment protection against compulsory self-incrimination to avoid answering interrogatories; the Court also noted that if there were a "real and appreciable risk of self-incrimination" the appropriate remedy would be to postpone civil discovery until the criminal action had been terminated. *Id.*

As *Kordel* noted, federal courts often stay civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seem to require such action. *Kordel* at 770 n. 27.  When deciding whether the interests of justice seem to require a stay,

---

[2]The specific issue before the Supreme Court in *Collier* was whether the district court erred in sealing the record.  The Supreme Court did not address the decision to stay the civil proceedings.

3

the court must consider the extent to which a party's Fifth Amendment rights are implicated. *Creative Consumer Concepts*, 563 F.3d 1070, 1080 (10th Cir. 2009). Additionally, although a defendant's Fifth Amendment rights are the most important factor to consider, a district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution. *Id.*

In *Hilda M. v. Brown*, 2010 U.S. Dist. LEXIS 137869, the District Court of Colorado granted a motion to stay similar to Defendant Holtzclaw's motion in the instant case, and similar to the motion to stay granted in *Collier*. In *Hilda M.*, the plaintiffs filed a civil suit alleging two of the defendants improperly performed work on a boiler at a residence and that this work caused or contributed to the death of plaintiffs' family members. These defendants were also indicted for negligent homicide and reckless endangerment as a result of the incident. The court found the most important factor in ruling on a motion to stay is the extent of overlap between the civil and criminal proceedings. *Id.* at *10. While the court acknowledged the plaintiffs had a "legitimate interest in the expeditious resolution of their case," it found this interest was substantially outweighed by the defendants' interest in "avoiding the quandary of choosing between waiving their Fifth Amendment rights or effectively forfeiting the civil case." *Id.* at*17. The court also recognized that stays are particularly appropriate when criminal charges have already been filed, stating:

> A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood

4

that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations. Indeed, the fact that indictments have been returned is critical because it dictates both the degree of risk of self-incrimination and the length of potential delay to the civil case. (citations omitted) *Hilda M.* at *11-12.

As in *Collier* and *Hilda M.,* any potential prejudice to Plaintiff caused by a stay is substantially outweighed by the prejudice to Defendant Holtzclaw if the case goes forward. If the civil case goes forward at this time, Defendant Holtzclaw will be forced to choose between risking a loss in the civil case by invoking his Fifth Amendment rights or risking a conviction in his criminal case by waiving his Fifth Amendment rights and testifying in the civil proceeding. Consistent with the Oklahoma decisions of *Gasaway* and *Collier,* and the federal cases of *Kordel, Creative Consumer Concepts* and *Hilda M.*, this court should protect Defendant Holtzclaw's Fifth Amendment rights by exercising its discretion to stay the civil case pending resolution of the criminal proceedings.

Respectfully submitted,

Stacey Haws Felkner, OBA #14737
Manchester & Knight, PLLC
One Leadership Square, Suite 800 N
211 North Robinson
Oklahoma City, Oklahoma, 73102
Telephone: (405)235-4671
Facsimile: (405)235-5247
Attorney for Defendant Daniel Holtzclaw

## CERTIFICATE OF MAILING

This is to certify that on this 23rd day of September, 2015, a true and correct copy of the above and foregoing was mailed *via* United States Postal Service to the following:

Mark Hammons
Leah M. Roper
Hammons, Gowens & Associates, Inc.
325 Dean A. McGee Avenue
Oklahoma City, OK 73102

Stacey Haws Felkner

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR OKLAHOMA COUNTY, OKLAHOMA

STATE OF OKLAHOMA,
    Plaintiff,

v.

DANIEL K HOLTZCLAW,
    Defendant.

No. CF-2014-5869
(Criminal Felony)

Filed: 08/29/2014


Judge: Henderson, Timothy R

## PARTIES

HOLTZCLAW,  DANIEL  K, Defendant
Oklahoma City Police Department, ARRESTING AGENCY
STATE OF OKLAHOMA, Plaintiff

## ATTORNEYS

| Attorney | Represented Parties |
|---|---|
| Adams, R Scott (Bar #13003) | HOLTZCLAW,  DANIEL  K |
| 401 N. HUDSON AVE. SUITE 100 | |
| OKC, OK 73102 | |

## EVENTS

| Event | Party | Docket | Reporter |
|---|---|---|---|
| Wednesday, September 3, 2014 at 14:00 PM<br>MOTION FOR BOND REDUCTION | HOLTZCLAW,  DANIEL  K | Timothy R Henderson | |
| Thursday, September 18, 2014 at 9:00 AM<br>PRELIMINARY HEARING CONFERENCE | HOLTZCLAW,  DANIEL  K | D. Fred Doak | |
| Thursday, October 2, 2014 at 10:00 AM<br>STATE MOTION TO INCREASE BOND | HOLTZCLAW,  DANIEL  K | Timothy R Henderson | |
| Monday, November 17, 2014 at 9:00 AM | HOLTZCLAW,  DANIEL  K | D. Fred Doak | |

DEFENDANT'S EXHIBIT A

| Tuesday, November 18, 2014 at 9:00 AM PRELIMINARY HEARING | HOLTZCLAW, DANIEL K | D. Fred Doak |
|---|---|---|
| Wednesday, January 21, 2015 at 9:00 AM PRETRIAL CONFERENCE | HOLTZCLAW, DANIEL K | Timothy R Henderson |
| Wednesday, March 4, 2015 at 9:00 AM PRETRIAL CONFERENCEX1 | HOLTZCLAW, DANIEL K | Timothy R Henderson |
| Monday, July 27, 2015 at 10:00 AM REVIEW | HOLTZCLAW, DANIEL K | Timothy R Henderson |
| Friday, October 30, 2015 at 10:00 AM CALL DOCKET; IST UP | HOLTZCLAW, DANIEL K | Timothy R Henderson |
| Monday, November 2, 2015 at 9:00 AM JURY TRIAL ; IST UP | HOLTZCLAW, DANIEL K | Timothy R Henderson |

# COUNTS

Parties appear only under the counts with which they were charged. For complete sentence information, see the court minute on the docket.

**Count # 1.**   Count as Filed: SEXB, SEXUAL BATTERY, in violation of 21 O.S. 1123(B)
Date of Offense: 02/27/2014

**Party Name**          **Disposition Information**
HOLTZCLAW, DANIEL K

**Count # 2.**   Count as Filed: INDE, INDECENT EXPOSURE, in violation of 21 O.S. 1021
Date of Offense: 03/14/2014

**Party Name**          **Disposition Information**
HOLTZCLAW, DANIEL K

**Count # 3.**   Count as Filed: BRG1, BURGLARY IN THE FIRST DEGREE, in violation of 21 O.S. 1431
Date of Offense: 03/25/2014

**Party Name**          **Disposition Information**
HOLTZCLAW, DANIEL K

**Count # 4.**   Count as Filed: INDE, INDECENT EXPOSURE, in violation of 21 O.S. 1021
Date of Offense: 03/25/2014

**Party Name**          **Disposition Information**
HOLTZCLAW, DANIEL K

**Count # 5.**   Count as Filed: INDE, INDECENT EXPOSURE, in violation of 21 O.S. 1021
Date of Offense: 03/25/2014

**Party Name**          **Disposition Information**
HOLTZCLAW, DANIEL K



IN THE DISTRICT COURT OF OKLAHOMA COUNTY
**STATE OF OKLAHOMA**

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

1. JANNIE P. LIGONS, on behalf of herself )
   and a class of other similarly situated )
   victims believed to include T.M., T.B., )
   C.R., F.M., R.G., C.J. and other African- )
   American females, )
                          )
            Plaintiff, )
                          )
v.                             )
                          )
1. DANIEL HOLTZCLAW, individually, )
                          )
2. THE CITY OF OKLAHOMA CITY, )
   OKLAHOMA, a municipal corporation, )
                          )
           Defendants. )

SEP 16 2015

TIM RHODES
COURT CLERK
31

Case No. CJ-2015- 3365

**AMENDED PETITION**

**COMES NOW THE PLAINTIFF** and hereby, files the foregoing amended petition. No responsive pleadings has yet been served and therefore amendment without leave of Court is authorized by 12 O.S. § 2015(A). Plaintiff alleges as follows:

1.    The Plaintiff is JANNIE P. LIGONS, on behalf of herself and a class of other similarly situated victims believed to include T.M., T.B., C.R., F.M., R.G., C.J. and other African-American females.

2.    The Plaintiff and victims are residents of Oklahoma County, Oklahoma, or suffered their injuries in Oklahoma County, Oklahoma.

3.    The Defendants are:

   a.    Daniel Holtzclaw, an individual working as a police officer working for the Oklahoma City Police Department, and

   b.    The City of Oklahoma City, a municipal corporation with its headquarters in Oklahoma County, Oklahoma.

**COUNT 1**

Plaintiff's first cause of action goes to Daniel Holtzclaw individually.

4.    On or about June 18, 2014, the Defendant, Daniel Holtzclaw, used his position as an

-1-



Oklahoma City police officer to commit sexual assaults and batteries on the Plaintiff.

5.   Such actions occurred within Oklahoma County, Oklahoma.

6.   Such actions by Holtzclaw represent a sexual assault and battery and the use of excessive and unreasonable force and an unlawful and unreasonable seizure prohibited by and actionable under art. 2, §30 of the Okla. Const as well as a violation of Oklahoma due process and equal protection clause (art. 2, §7) by targeting the Plaintiff as a middle-aged, African-American female he viewed as vulnerable. Such actions also caused the Plaintiff to suffer extreme mental and emotional suffering and constituted the tort of intentional and/or reckless and/or negligent infliction of emotional distress.

7.   As the direct result of such actions, the Plaintiff has suffered the injuries above described which should be valued at a sum in excess of Seventy-Five Thousand ($75,000).

8.   To the extent the actions of the Defendant were willful, malicious, and oppressive, Plaintiff is entitled to an award of punitive damages.

## COUNT II

Plaintiff's second cause of action goes only to the City of Oklahoma City, a municipal corporation.

9.   Daniel Holtzclaw was at all pertinent times employed as a police officer for the City of Oklahoma City.

10.  The City of Oklahoma City was negligent in its hiring, supervision and retention of Holtzclaw and thus caused, contributed to, enabled and facilitated the injuries suffered by the Plaintiff and other similarly situated African-American females.

11.  The City of Oklahoma City was negligent in that the following acts had been committed by Defendant Holtzclaw prior to the assault on the Plaintiff and the City was aware of some, if not all of the assaults, weeks prior to the Plaintiff's assault:

a.   On or about November 5, 2013, he sexually assaulted a female identified as

-2-

Demetria Campbell. Ms. Campbell went to the emergency room at the OU Medical Center and a Lt. Brian Bennett appeared and took a statement from Ms. Campbell where she detailed the assault.

b.   On or about Dec. 20, 2013, he sexually assaulted a female identified as S.H.

c.   On or about Jan. 9, 2014, he sexually exposed himself a female identified as S.H.

d.   On or about Feb. 27, 2014, he sexually assaulted a female identified as T.B.

e.   On or about Mar. 14, 2014, he sexually assaulted a female identified as C.R.

f.   On or about Mar. 25, 2014, he broke into the home of T.B. and sexually assaulted her.

g.   On or about April 14, 2014, he sexually assaulted a female identified as F.M.

h.   On or about April 25, 2014, he sexually assaulted a female identified as R.C.

i.   On or about May 7, 2014, he sexually assaulted a female identified as S.E.

j.   On or about May 8, 2014, the sex crimes division of the Oklahoma City police department opened an investigation into Hotlzclaw but left him working as a police officer without supervision or monitoring.

k.   On or about May 8, 2014, he sexually assaulted a female identified as S.B.

l.   On or about May 21, 2014, he sexually assaulted a female identified as S.B.

m.   On or about May 26, 2014, he sexually assaulted a female identified as C.J.

n.   On or about June 17, 2014, he sexually assaulted a female identified as C.R.

o.   On or about June 18, 2014, he sexually assaulted the Plaintiff.

12.   By virtue of the reports, wide-spread conduct and investigation, the Defendant City knew or had reason to know of the dangerous activities of its servant and negligently failed to control and supervise thus allowing him to cause harm to the Plaintiff.

13.   Further the actions were objectively unreasonably and in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Such acts constitute a substantive due process violation because notwithstanding such

-3-

knowledge the City of Oklahoma City acted with deliberate indifference to the rights of the Plaintiff and others. By leaving Holtzclaw as an active police officer wearing the authority of the City and armed with lethal force, the City at the least recklessly created the danger that precipitated the constitutional deprivation in that:

1) plaintiff was a member of a limited and specifically definable group;

2) defendant's conduct put plaintiff at substantial risk of serious, immediate, and proximate harm;

3) the risk was obvious or known;

4) defendant acted recklessly in conscious disregard of that risk;

5) such conduct when viewed in total, is conscience shocking, and

6) defendant both created the danger and increased the plaintiff's vulnerability to the danger.

14. Plaintiff timely filed and delivered a notice of tort claim asserting negligence in the supervision of Officer Holtzclaw to Oklahoma City on or about June 17, 2015. Such notice was deemed denied by the failure of the City to act on such claim within ninety (90) days thereafter. The ninety (90) day period expired on or about Sept. 15, 2015. This claim is timely offered within One Hundred Eighty (180) days after the claim accrued in that such filing period does not expire until on or about March 13, 2016.

15. As the direct and proximate cause of the City's negligence, Plaintiff has suffered injuries which should be valued in a sum in excess of Seventy Five Thousand ($75,000.00) Dollars.

## COUNT III

Plaintiff's second cause of action goes to both Defendants.

16. Holtzclaw's actions were part of a common pattern and practice of sexually assaulting middle-age African American females whom he identified as vulnerable to his actions.

17. Because all of the assaults were carried out by a common manner, scheme and plan

-4-

and the nature of the injuries inflicted were the substantially same between the victims, a class should be certified as to all of the victims of Defendant's actions.

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of the Plaintiff and each victim of the Defendant grant the Plaintiff and each other victim all compensatory and punitive damages suffered together with all costs and interest and such other legal and equitable relief as the trier of fact deems appropriate.

**RESPECTFULLY SUBMITTED THIS 16th DAY OF SEPTEMBER, 2015.**

Mark Hammons, OBA No. 3784
Leah M. Roper, OBA # 32107
HAMMONS, GOWENS, HURST & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: Mark@hammonslaw.com
          leah@hammonslaw.com
ATTORNEY LIEN CLAIMED
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**
A true copy of the foregoing was filed and served by use of Certified U.S. Mail to the following, below listed on this 16th day of September, 2015.

Frances Kersey, City Clerk
Oklahoma City Clerk's Office
200 N Walker, 2nd Floor
Oklahoma City, Oklahoma 73102

and

Scott Adams
Robert Gray
401 N. Hudson Ave Ste. 100
Oklahoma City, OK 73102
Telephone: (405) 232-9100
Facsimile: (405) 232-9114

and

Daniel Holtclaw
1101 Creekdale, Apt. 2
Enid, OK 73703
Defendant

-5-