

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

SEP 16 2015

TIM RHODES
COURT CLERK
31

1. JANNIE P. LIGONS, on behalf of herself )
and a class of other similarly situated )
victims believed to include T.M., T.B., )
C.R., F.M., R.G., C.J. and other African- )
American females, )
)
Plaintiff, )
)
v. )   Case No. CJ-2015- 3365
)
1. DANIEL HOLTZCLAW, individually, )
)
2. THE CITY OF OKLAHOMA CITY, )
OKLAHOMA, a municipal corporation, )
)
Defendants. )

## AMENDED PETITION

**COMES NOW THE PLAINTIFF** and hereby, files the foregoing amended petition. No responsive pleadings has yet been served and therefore amendment without leave of Court is authorized by 12 O.S. § 2015(A). Plaintiff alleges as follows:

1. The Plaintiff is JANNIE P. LIGONS, on behalf of herself and a class of other similarly situated victims believed to include T.M., T.B., C.R., F.M., R.G., C.J. and other African-American females.

2. The Plaintiff and victims are residents of Oklahoma County, Oklahoma, or suffered their injuries in Oklahoma County, Oklahoma.

3. The Defendants are:

   a. Daniel Holtzclaw, an individual working as a police officer working for the Oklahoma City Police Department, and

   b. The City of Oklahoma City, a municipal corporation with its headquarters in Oklahoma County, Oklahoma.

## COUNT I

Plaintiff's first cause of action goes to Daniel Holtzclaw individually.

4. On or about June 18, 2014, the Defendant, Daniel Holtzclaw, used his position as an

EXHIBIT 6

Oklahoma City police officer to commit sexual assaults and batteries on the Plaintiff.

5. Such actions occurred within Oklahoma County, Oklahoma.

6. Such actions by Holtzclaw represent a sexual assault and battery and the use of excessive and unreasonable force and an unlawful and unreasonable seizure prohibited by and actionable under art. 2, §30 of the Okla. Const as well as a violation of Oklahoma due process and equal protection clause (art. 2, §7) by targeting the Plaintiff as a middle-aged, African-American female he viewed as vulnerable. Such actions also caused the Plaintiff to suffer extreme mental and emotional suffering and constituted the tort of intentional and/or reckless and/or negligent infliction of emotional distress.

7. As the direct result of such actions, the Plaintiff has suffered the injuries above described which should be valued at a sum in excess of Seventy-Five Thousand ($75,000).

8. To the extent the actions of the Defendant were willful, malicious, and oppressive, Plaintiff is entitled to an award of punitive damages.

### COUNT II

Plaintiff's second cause of action goes only to the City of Oklahoma City, a municipal corporation.

9. Daniel Holtzclaw was at all pertinent times employed as a police officer for the City of Oklahoma City.

10. The City of Oklahoma City was negligent in its hiring, supervision and retention of Holtzclaw and thus caused, contributed to, enabled and facilitated the injuries suffered by the Plaintiff and other similarly situated African-American females.

11. The City of Oklahoma City was negligent in that the following acts had been committed by Defendant Holtzclaw prior to the assault on the Plaintiff and the City was aware of some, if not all of the assaults, weeks prior to the Plaintiff's assault:

    a. On or about November 5, 2013, he sexually assaulted a female identified as

        Demetria Campbell. Ms. Campbell went to the emergency room at the OU Medical Center and a Lt. Brian Bennett appeared and took a statement from Ms. Campbell where she detailed the assault.

    b.  On or about Dec. 20, 2013, he sexually assaulted a female identified as S.H.

    c.  On or about Jan. 9, 2014, he sexually exposed himself a female identified as S.H.

    d.  On or about Feb. 27, 2014, he sexually assaulted a female identified as T.B.

    e.  On or about Mar. 14, 2014, he sexually assaulted a female identified as C.R.

    f.  On or about Mar. 25, 2014, he broke into the home of T.B. and sexually assaulted her.

    g.  On or about April 14, 2014, he sexually assaulted a female identified as F.M.

    h.  On or about April 25, 2014, he sexually assaulted a female identified as R.C.

    i.  On or about May 7, 2014, he sexually assaulted a female identified as S.E.

    j.  On or about May 8, 2014, the sex crimes division of the Oklahoma City police department opened an investigation into Hotlzclaw but left him working as a police officer without supervision or monitoring.

    k.  On or about May 8, 2014, he sexually assaulted a female identified as S.B.

    l.  On or about May 21, 2014, he sexually assaulted a female identified as S.B.

    m.  On or about May 26, 2014, he sexually assaulted a female identified as C.J.

    n.  On or about June 17, 2014, he sexually assaulted a female identified as C.R.

    o.  On or about June 18, 2014, he sexually assaulted the Plaintiff.

12. By virtue of the reports, wide-spread conduct and investigation, the Defendant City knew or had reason to know of the dangerous activities of its servant and negligently failed to control and supervise thus allowing him to cause harm to the Plaintiff.

13. Further the actions were objectively unreasonably and in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Such acts constitute a substantive due process violation because notwithstanding such

knowledge the City of Oklahoma City acted with deliberate indifference to the rights of the Plaintiff and others. By leaving Holtzclaw as an active police officer wearing the authority of the City and armed with lethal force, the City at the least recklessly created the danger that precipitated the constitutional deprivation in that:

1) plaintiff was a member of a limited and specifically definable group;

2) defendant's conduct put plaintiff at substantial risk of serious, immediate, and proximate harm;

3) the risk was obvious or known;

4) defendant acted recklessly in conscious disregard of that risk;

5) such conduct when viewed in total, is conscience shocking, and

6) defendant both created the danger and increased the plaintiff's vulnerability to the danger.

14. Plaintiff timely filed and delivered a notice of tort claim asserting negligence in the supervision of Officer Holtzclaw to Oklahoma City on or about June 17, 2015. Such notice was deemed denied by the failure of the City to act on such claim within ninety (90) days thereafter. The ninety (90) day period expired on or about Sept. 15, 2015. This claim is timely offered within One Hundred Eighty (180) days after the claim accrued in that such filing period does not expire until on or about March 13, 2016.

15. As the direct and proximate cause of the City's negligence, Plaintiff has suffered injuries which should be valued in a sum in excess of Seventy Five Thousand ($75,000.00) Dollars.

## COUNT III

Plaintiff's second cause of action goes to both Defendants.

16. Holtzclaw's actions were part of a common pattern and practice of sexually assaulting middle-age African American females whom he identified as vulnerable to his actions.

17. Because all of the assaults were carried out by a common manner, scheme and plan

-4-

and the nature of the injuries inflicted were the substantially same between the victims, a class should be certified as to all of the victims of Defendant's actions.

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of the Plaintiff and each victim of the Defendant grant the Plaintiff and each other victim all compensatory and punitive damages suffered together with all costs and interest and such other legal and equitable relief as the trier of fact deems appropriate.

**RESPECTFULLY SUBMITTED THIS 16th DAY OF SEPTEMBER, 2015.**

Mark Hammons, OBA No. 3784
Leah M. Roper, OBA # 32107
HAMMONS, GOWENS, HURST & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: Mark@hammonslaw.com
       leah@hammonslaw.com
ATTORNEY LIEN CLAIMED
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

A true copy of the foregoing was filed and served by use of Certified U.S. Mail to the following, below listed on this 16th day of September, 2015.

Frances Kersey, City Clerk
Oklahoma City Clerk's Office
200 N Walker, 2nd Floor
Oklahoma City, Oklahoma 73102

and

Scott Adams
Robert Gray
401 N. Hudson Ave Ste. 100
Oklahoma City, OK 73102
Telephone: (405) 232-9100
Facsimile: (405) 232-9114

and

Daniel Holtclaw
1101 Creekdale, Apt. 2
Enid, OK 73703
Defendant