## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JANNIE P. LIGONS, on behalf of herself and a class of other similarly situated victims believed to include T.M., T.B., C.R., F.M., R.G., C.J. and other African-American females, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. CIV-15-1112-HE |
| v. | ) ) | |
| 1. DANIEL HOLTZCLAW, individually, 2. THE CITY OF OKLAHOMA CITY, OKLAHOMA, a municipal corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

### REPLY OF DEFENDANT HOLTZCLAW TO PLAINTIFF'S OBJECTION TO THE MOTION TO STAY

Nowhere in Defendant Holtzclaw's brief in support of his motion to stay does he argue, or even imply, that a stay is constitutionally mandated. Both parties cite *Creative Consumer Concepts*, 563 F.3d 1070, 1081 (10th Cir. 2009) for the proposition that the Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, unless the denial of a stay would substantially prejudice a party's rights. However, when deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated. *Id.* at 1080. Cases such as the instant case, in which a single criminal defendant is facing a post-indictment civil suit arising out of the same conduct that forms the basis for pending criminal charges, are the cases where courts are most likely to grant a stay.

While it is true that *United States v. Kordel*, 397 U.S. 1, 90 S. Ct. 763, 25 L. Ed. 2d 1(1970) found a stay was not warranted, this was because the corporation seeking the stay had no Fifth Amendment privilege against self-incrimination. *Kordel* at 767.  The Supreme Court noted the analysis would be different with respect to an individual, who could have "without question" invoked his Fifth Amendment privilege against compulsory self-incrimination to refuse to answer interrogatories.  *Id.*  Thus, *Kordel* stated:

> The respondents press upon us the situation where no one can answer the interrogatories addressed to the  corporation without subjecting himself to a "real and appreciable" risk of self-incrimination. For present purposes we may assume that in such a case the appropriate remedy would be a protective order under Rule 30 (b), postponing civil discovery until termination of the criminal action. *Kordel* at 768.

If the appropriate remedy to protect an individual from self-incrimination is a protective order postponing civil discovery, then the appropriate time to request a stay is before discovery has begun. Thus, the analysis of *Kordel* implicitly rejects Plaintiff's argument that Defendant Holtzclaw's Motion to Stay is premature.

In *Bates v. Board of County Commissioners of Mayes County*, 2014 U.S. Dist. LEXIS 167313, the District Court for the Northern District of Oklahoma recognized that a motion to stay based on a pending criminal trial should be requested before discovery begins. In *Bates*, the plaintiff filed a civil suit alleging that she was repeatedly raped and sexually assaulted by the defendant  while she was receiving treatment at the Mayes County Medical Center.  As in the instant case, criminal charges arising out of the events alleged in the petition were pending against the defendant when the civil suit was filed.  *Id.* at *2.  The

2

defendant did not immediately file a motion to stay the civil case to protect his Fifth

Amendment rights, but instead participated in discovery until his deposition was scheduled.

At this point, the District Court found the motion to stay was untimely, stating:

> Peters argues that plaintiff intends to take his deposition, and he claims that he
> will be forced to assert his Fifth Amendment right against self-incrimination
> or make potentially incriminating during his deposition. However, Peters fails
> to note that his criminal case has been pending for over a year and that he has
> actively participated in discovery in this civil matter. Plaintiff now seeks to
> take his deposition and he believes that he may be forced to invoke his Fifth
> Amendment rights, but this could have been foreseen from the inception of
> this civil case and Peters chose to proceed with discovery. Peters has no
> absolute right to a stay simply because he may feel compelled to invoke his
> Fifth Amendment right against self-incrimination. The Court would likely have
> granted Peters' request to stay this case if he had promptly made such a
> request, because there is substantial overlap of the issues in the civil and
> criminal cases, and proceeding with the civil case would require Peters to
> make potentially incriminating statements or invoke his Fifth Amendment
> rights. Instead, Peters availed himself of the opportunity to conduct discovery,
> including taking a deposition of the key witness against him, and he now seeks
> a stay to shield himself from having to appear at a deposition. Peters has also
> provided no estimate of when his criminal case is likely to be resolved, and it
> is unclear how lengthy a stay would be. Under the circumstances, the Court
> finds that it would not be appropriate to stay this case due to the existence of
> a parallel criminal case. *Bates* at \*4-5.

While Plaintiff is correct that *Hilda M. v. Brown*, 2010 U.S. Dist. LEXIS 137869 (D.

Colo) is not binding on this court, the analysis of the District Court of Colorado is helpful

because of the factual similarities to the instant case. As *Hilda M* recognizes, the extent of

overlap between the issues in the civil and criminal cases is the most important factor in

ruling on a motion to stay; the strongest case for a stay of discovery in the civil case occurs

during a criminal prosecution after an indictment is returned. *Id.* at \*10-11.

3

With respect to other factors, *Hilda M* recognized that plaintiffs have a "legitimate interest in the expeditious resolution of their case" but that this interest was outweighed by the defendants' "significant interest in avoiding the quandary of choosing between waiving their Fifth Amendment rights or effectively forfeiting the civil case." *Id.* at *16-17. The interests of the court do not weigh strongly either for or against a stay. While the Court has a strong interest in keeping litigation moving to conclusion without unnecessary delay, final resolution of the parallel criminal proceedings may help rather than hinder that goal. *Id.* at *17. See also, *US Commodity Futures Trading Commission v. R2 Capital Group LLC*, 2015 U.S. Dist. Lexis 874 (D. Colo). Finally, with respect to the public interest, the District Court of Colorado held that "because of the overlapping issues in the criminal and civil cases, the criminal prosecution will serve to advance the public interests at stake here." *Id.* at *18. The "private attorney general" rationale advanced by Plaintiff may be relevant with respect to a future request for attorney fees, but cannot outweigh Defendant Holtzclaw's present Fifth Amendment rights.

As the Supreme Court recognized in *Landis, et al. v. North American Co.*, 299 U.S. 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936), the decision of how to protect a defendant's fundamental Fifth Amendment rights is an exercise of judgment. This court has the discretion to fashion the remedy it believes to be most appropriate. In cases such as the instant case, with a single criminal defendant who had been charged before the civil suit against him was filed, a stay is warranted. None of the cases cited in Plaintiff's objection suggest otherwise.

In *Clinton v. Jones*, 520 U.S. 681, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997), the basis for the requested stay was that the President's official duties made it impossible to devote time to defending a civil suit. *Id.* at 1650-1651. The Fifth Amendment privilege against self-incrimination was not at issue. In *Creative Consumer Concepts*, the overlap between the issues and evidence in the civil and criminal cases was so minimal the court described the proceedings as "simultaneous" rather than "parallel." *Creative Consumer Concepts* at 1081. In addition, the defendant had already given a deposition in the civil case before her motion to stay was filed. *Id.* Finally, *In re CFS-Related Securities Fraud Litigation*, 256 F. Supp. 2d 1227, (N.D. Okla. 2003) was a large-scale, multi-party commercial case in which the civil action was ongoing prior to the time criminal charges were filed.

In *CFS*, the majority of document discovery had been completed prior to the time the criminal charges and motion to stay were filed. Additionally, the court had crafted a "rigid and painstakingly devised Deposition Protocol Procedure for deposing over two hundred (200) witnesses." *CFS* at 1239. Certainly, under those circumstances, it made sense for the court to seek an alternative method, such as sealing a deposition, to protect the defendant's rights. In the instant case, in contrast, where the criminal case was pending before the civil suit was filed, the most protective remedy, a stay, is also the most judicious use of the court and parties' time and efforts.

This court granted similar motions to stay in the recent cases of *Biegler v. City of Oklahoma City*, CIV-14-1312-F and *Porter v. Board of County Commissioners of Oklahoma County*. A copy of the order from *Biegler* is attached as Exhibit 1. A copy of the order from

*Porter* is attached as Exhibit 2.   Defendant Holtzclaw believes a similar procedure would strike a fair balance between the competing interests of the parties in the instant case.   As this Court noted in *Porter*, a defendant's concern regarding the effect of the civil proceeding on his Fifth Amendment rights merits protection.   This is particularly true "where the issues and evidence in the civil and criminal cases, at least between plaintiff and [individual defendant] are substantially the same, if not identical."Exhibit 2, p. 2. Consistent with its decision in *Porter*, and consistent with the other authority cited above, Defendant Holtzclaw requests the court stay this case pending the conclusion of the criminal proceedings.

Respectfully submitted,

 s/ Stacey Haws Felkner
Stacey Haws Felkner, OBA #14737
Manchester & Knight, PLLC
One Leadership Square, Suite 800 N
211 North Robinson
Oklahoma City, Oklahoma, 73102
Telephone: (405)235-4671
Facsimile:  (405)235-5247
Attorney for Defendant Daniel Holtzclaw

## CERTIFICATE OF MAILING

This is to certify that on this 22nd day of October, 2015, a true and correct copy of the above and foregoing was served on the following, who are registered participants of the ECF System:

Mark Hammons
Leah M. Roper
Hammons, Gowens & Associates, Inc.
325 Dean A. McGee Avenue
Oklahoma City, OK 73102

Richard C. Smith
Jennifer Warren
Municipal Counselor's Office
200 North Walker
Oklahoma City, OK 73102

s/ Stacey Haws Felkner
Stacey Haws Felkner
