IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MICHELLE N. PORTER, as the )
Personal Representative of the Estate )
of Robert B. Porter, Deceased )
                                                    )
             Plaintiff, )
vs. )    NO. CIV-15-0390-HE
                                                    )
THE BOARD OF COUNTY )
COMMISSIONERS OF OKLAHOMA )
COUNTY, STATE OF OKLAHOMA; )
and JACOB OWEN STREETER, )
DEPUTY OF OKLAHOMA COUNTY, )
in his individual and official capacities, )
                                                    )
           Defendants. )

## ORDER

Plaintiff Michelle N. Porter, the personal representative of the estate of Robert B. Porter, deceased, filed this action against the Board of County Commissioners of Oklahoma County ("Board) and Jacob Owen Streeter, an Oklahoma County deputy sheriff. She asserts a wrongful death claim against defendant Streeter under 42 U.S.C. § 1983 and a negligence claim against the Board under state law. Streeter has filed a motion to stay this action pending resolution of a criminal proceeding filed against him in state court, CM-2015-183.

Both cases arise out of the same fatality accident that occurred on January 27, 2014, and involve vehicles driven by Streeter and the decedent. As a result of the incident, Streeter has been charged with misdemeanor negligent homicide. Streeter asserts that a stay is needed because it would be impossible for him to answer the complaint or respond to any discovery without waiving his Fifth Amendment right against self-incrimination. Any


EXHIBIT 2

Case 5:15-cv-01112-HE Document 16-3 Filed 10/22/15 Page 2 of 3

potential prejudice to plaintiff resulting from the delay is substantially outweighed, he contends, by the prejudice to him if the civil case proceeds at this time.

Plaintiff objects to the requested stay, contending that, while defendant cannot show a clear case of hardship or inequity if the court does not allow this action to continue, the prejudice to her will be substantial. She asserts that the death of her father led to significant financial and emotional damages and that the indefinite delay of the criminal proceeding, combined with the additional time it takes to try a § 1983 action, would prevent her from pursuing her claim against Streeter expeditiously. Her main objection, though, to defendant Streeter's request is to its scope. Plaintiff asserts that "[t]here is no reason to stay this entire case until the criminal prosecution has been completed." Doc. #16, p. 6.

In the absence of substantial prejudice to a party's rights, there is no constitutional right to a stay of civil proceedings pending the outcome of a criminal case. Creative Consumer Concepts, Inc. v. Kreisler, 563 F.3d 1070, 1080 (10th Cir. 2009). While a defendant does not have an "'absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege,'" id. (quoting Keating v. Office of Thrift Supervision, 45 F.3d 322, 326 (9th Cir.1995)), the court must consider the extent to which a party's Fifth Amendment rights are implicated when determining if a stay is required. Although a stay also may be warranted if a party is attempting to take " advantage of broader civil discovery rights" or to "prevent the exposure of the criminal defense strategy to the prosecution," id., defendant's concern in this case is the effect of the civil proceeding on his Fifth Amendment rights.

The court concludes that concern merits protection, particularly here, where the issues and evidence in the civil and criminal cases, at least between plaintiff and defendant Streeter, are substantially the same, if not identical. That is what distinguishes this case from others, such as <u>Kreisler</u>, in which the Tenth Circuit concluded that the district court did not err by denying the defendant's motion to stay the civil lawsuit until the completion of parallel criminal proceedings. The civil action in <u>Kreisler</u> involved the validity of a mutual release in a severance agreement, while the criminal case focused on whether the defendant had embezzled money from her former employer. Because the "crossover of evidence was minimal," the appellate court concluded the civil case was "better considered 'simultaneous' than 'parallel' to the criminal case." <u>Kreisler</u>, 563 F.3d at 1081.

Although the court has determined a stay is warranted to protect defendant's Fifth Amendment rights, it will not grant an open-ended stay. Instead, the case is stayed for **four (4) months**, unless the proceedings in CM-2015-183 terminate prior to then, without regard to any possible appeal. The parties are directed to file, no later than **October 23, 2015**, a report as to the status of the criminal case. If the criminal case is sooner terminated, the parties are directed to advise the court immediately upon the termination.

**IT IS SO ORDERED.**

Dated this 23rd day of June, 2015.

JOE HEATON
UNITED STATES DISTRICT JUDGE