IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANNIE P. LIGONS, on behalf of herself and a class of other similar situated victims believed to include T.M., T.B., C.R., F.M. R.G., C.J., and other African-American females, )))))) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-15-1112-HE |
| ) | |
| DANIEL HOLTZCLAW, individually, ) THE CITY OF OKLAHOMA CITY, ) OKLAHOMA, a municipal corporation, ) ) | |
| Defendants. ) | |

## ORDER

Plaintiff Jannie P. Ligons, filed this § 1983 action on behalf of herself and a class of other alleged victims against Daniel Holtzclaw, an Oklahoma City police officer, and the City of Oklahoma City.  Plaintiff alleges defendant Holtzclaw used his position as an Oklahoma City police officer to sexually assault and batter her and other African-American females.  She asserts claims against the defendants under both federal and state law.

Defendant Holtzclaw has been charged with several felony counts of sexual assault in state court and has filed a motion to stay this action pending resolution of that criminal proceeding, CF-2014-5869.  He states the case is currently set for trial beginning November 2, 2015.  Defendant Holtzclaw claims that both cases arise out of the same series of sexual assaults that he allegedly committed between November of 2013 and June of 2014.  He contends a stay of the civil case is warranted because the issues in the two cases are virtually identical.  It would be impossible, he contends, for him to answer any interrogatories or give

any deposition testimony regarding his alleged interaction with plaintiff without waiving his Fifth Amendment right against self-incrimination.

Plaintiff opposes the motion, asserting that it is premature as no discovery is pending and no discovery responses would be due until after the scheduled trial. She also asserts that defendant has not met his burden of showing that a stay is warranted.

The court is not persuaded that the motion is premature and concludes a brief stay is justified.

In the absence of substantial prejudice to a party's rights, there is no constitutional right to a stay of civil proceedings pending the outcome of a criminal case. Creative Consumer Concepts, Inc. v. Kreisler, 563 F.3d 1070, 1080 (10th Cir. 2009). While a defendant does not have an "'absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege,'" *id.* (quoting Keating v. Office of Thrift Supervision, 45 F.3d 322, 326 (9th Cir.1995)), the court must consider the extent to which a party's Fifth Amendment rights are implicated when determining if a stay is required. Although a stay also may be warranted if a party is attempting to take " advantage of broader civil discovery rights" or to "prevent the exposure of the criminal defense strategy to the prosecution," *id*., defendant's concern in this case is the effect of the civil proceeding on his Fifth Amendment rights.

The court concludes that concern merits protection, particularly here, where the issues and evidence in the civil and criminal cases will be substantially the same, if not identical. That is what distinguishes this case from others, such as Kreisler, in which the Tenth Circuit

concluded that the district court did not err by denying the defendant's motion to stay the civil lawsuit until the completion of parallel criminal proceedings. The civil action in Kreisler involved the validity of a mutual release in a severance agreement, while the criminal case focused on whether the defendant had embezzled money from her former employer. Because the "crossover of evidence was minimal," the appellate court concluded the civil case was "better considered 'simultaneous' than 'parallel' to the criminal case." Kreisler, 563 F.3d at 1081.

In making its decision, the court has also considered that plaintiff has not shown that she will suffer much, if any, prejudice, from a brief stay of the case. And as trial is imminent, only a brief stay is necessary in the circumstances existing here.

Defendant Holtzclaw's motion to stay [Doc. #7] is **GRANTED** as follows: this case is stayed until **January 1, 2016**, unless the criminal case is finally resolved in the meantime. The parties are directed to file, on or before **January 1, 2016**, a report as to the status of the criminal case. If the criminal case is finally resolved before then, the parties are directed to advise the court immediately upon the resolution.

**IT IS SO ORDERED**.

Dated this 4th day of November, 2015.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE