IN THE UNITED STATS DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. JANNIE P. LIGONS, on behalf of herself and a class of other similarly situated victims believed to include T.M., T.B., C.R., F.M., R.G., C.J. and other African-American females,<br><br>        Plaintiff,<br><br>v.<br><br>1. DANIEL HOLTZCLAW, individually,<br><br>2. THE CITY OF OKLAHOMA CITY, OKLAHOMA, a municipal corporation,<br><br>        Defendants. | Case No. CIV-15-1112-HE<br><br>Jury Trial Demanded |

**REPLY BRIEF IN SUPPORT OF LIFTING THE STAY**

**COMES NOW THE PLAINTIFF,** and in further support of the Plaintiff's motion to lift the stay (Dkt # 7) shows this Court as follows:

1. The possibility of post-verdict motions is not sufficient basis for staying the proceedings .

2. The Plaintiff is prejudiced by a stay.

3. In the alternative, a stay should not extend to discovery from the City of Oklahoma City or third-parties.

**I. - THE HOLTZCLAW'S BURDEN**

"The proponent of a stay bears the burden of establishing its need." ***Clinton v. Jones,*** 520 U.S. 681, 708 (1998). While a "District Court has broad discretion to stay proceedings as an incident to its power to control its own docket", *id.* at 706, such delay should not be "immoderate in extent [or] oppressive in its consequences." *Id.* at 707 (quoting ***Landis v. North American Co.,*** 299 U.S. 248, 254 (1936). If a stay is too lengthy it will be considered an abuse of discretion for the Court to grant such relief:

> [W]e are persuaded that it was an abuse of discretion for the District Court to defer the trial until after the President leaves office. Such a lengthy and categorical stay takes no account whatever of the respondent's interest in

-1-

> bringing the case to trial. [D]elaying trial would increase the danger of prejudice resulting from the loss of evidence, including inability of witnesses to recall specific facts, or the possible death of a party.

*Clinton, supra,* 520 U.S. at 707-08. *Cf. Johnson v. Jones,* 515 U.S. 304, 317 (1995) (noting in the qualified immunity context "'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'" quoting *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 171 (1974) in turn quoting *Dickinson v. Petroleum Conversion Corp.,* 328 U.S. 507, 511 (1950)) and *Goshtasby v. Bd. of Trustees of Univ. of Fla.,* 123 F.3d 427, 428 (7th Cir.1997) ("Delay in resolving litigation is unfortunate; costs rise and the chance that the final decision will be accurate falls."). The Supreme Court has noted that explanations "offered two years after trial [were]subject to the usual risks of imprecision and distortion from the passage of time." *Miller-El v. Dretke*, 545 U.S. 231, 241 ( 2005). In this case, Plaintiff is nearing that two year mark without any formal discovery.

> The Tenth Circuit has itself cautioned stays should not be allowed:
>
> In particular, where a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity because the relief would severely affect the rights of others. Thus, even when the relief sought is only a stay of the case in which the motion is made,
>> *the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.*
>
> *Landis v. North American Co.*, 299 U.S. 248, 255 (1936) (emphasis added [by the Court]).
>    The underlying principle clearly is that 'the right to proceed in court should not be denied except under the most extreme circumstances.' *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir.1971). . . .

*Commodity Futures Trading Com. v. Chilcott Portfolio Management, Inc*., 713 F.2d 1477, 1484 (10th Cir. 1983).

With these general considerations in mind, Plaintiff will address Holtzclaw's justifications for continuing the stay.

## II. - POST-VERDICT MOTIONS DO NOT JUSTIFY CONTINUING THE STAY

Holtzclaw's only explanation for continuing the stay is the claim that the actual

-2-

"judgment" has not yet been entered (Holtzclaw Ans Bf, Dkt # 21, p. 1) and that there may be post-judgment motions or appeals. *Id.*, p. 2.

Neither of these factors are material to continuing the stay. As Defendant argued in its initial request for a stay, the purpose for granting such stay was the tension between a criminal defendant's Fifth Amendment privilege and the right of a litigant in a parallel civil case to pursue his or her case.

Here, the verdict eliminated that tension in that Mr. Holtzclaw's strategic decision as to whether to invoke his Fifth Amendment privilege in the criminal trial was made. Holtzclaw elected not to testify. Thus, the true justification for a continued stay has been eliminated. Defendant's citation to ***United Steelworkers of America v. Or. Steel Mills, Inc.***, 322 F.3d 1222, 1227 (10th Cir. 2003) is inapposite in that ***United Steelworkers*** involves granting a stay during parallel administrative proceedings- a situation involving far different considerations than are presented here.

The proper citation is to ***United States v. Kordel***, 397 U.S. 1 (1970) which explains that parallel civil and criminal proceedings do not ***by themselves*** justify a stay.

> In ***United States v. Kordel, supra***, a defendant, as does the Respondent herein, argued for a stay of the civil proceeding because of a pending criminal proceeding. Courts have cited ***Kordel*** as support for the proposition that the ***sole*** fact of simultaneous proceedings is insufficient to constitutionally require a stay. For example, in ***Oznemoc v. Alcoholic Beverages Cont. Comm.***, 412 Mass. 100, 587 N.E.2d 751 (1992) that court explained that: 'Courts generally reject claims by parties to administrative proceedings that they are entitled to continuances until after their criminal trials because they will not testify for fear of self-incrimination.' ***Id.*** 587 N.E.2d 751. Numerous cases from other jurisdictions support this rule.

***State ex rel. Okla. Bar. Ass'n v. Gasaway***, 1993 OK 133, ¶ 16, 863 P.2d 1189, 1196.

The court standards for a stay based on Fifth Amendment concerns is set out by ***In re CFS-Related Secs. Fraud Litig.***, 256 F. Supp. 2d 1227, 1236-37 (N.D. Okla. 2003):

> In determining whether a stay should be entered, several courts have employed a six-factor test.
> (1) The extent to which issues in the criminal case overlap with those presented in the civil case;
> (2) The status of the case, including whether the defendant has been indicted;
> (3) The private interests of the plaintiff in proceeding expeditiously versus the

prejudice to plaintiff caused by the delay;
(4) The private interests of, and burden on, the defendant;
(5) The interests of the Court; and
(6) The public's interest.

These factors all work contrary to a stay.

1. **The extent of overlap between the civil and criminal matters**. Although there is an overlap between some of the liability elements of the civil and criminal matter, the Fifth Amendment factor is generally extinguished by the fact of the completed trial and jury verdict. Mr. Holtzclaw cannot be criminally punished against for these offenses, and- as discussed *infra*- the hypothetical possibility that Mr. Holtzclaw might obtain a re-trial via post-trial motions or appeal does not warrant further delay of the Plaintiff's right to proceed.

2. **The status of the case.** This is now the most important factor in that Holtzclaw's quandary about whether or not to invoke his right has already been decided by him. He went to trial and elected not to testify. Although "[t]he strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned" and while trial is pending, ***Hilda M. v. Brown***, Civil Action No. 10-cv-02495-PAB-KMT, 2010 U.S. Dist. LEXIS 137869, at *11-12 (D. Colo. Dec. 20, 2010), many Courts refuse to grant a stay after an indictment has been entered. ***See Paine, Webber, Jackson & Curtis, Inc. v. Malon S. Andrus, Inc***., 486 F. Supp. 1118 (S.D.N.Y. 1980); ***Travelers Cas. & Sur. Co. v. Vanderbilt Group, LLC***, 2002 U.S. Dist. LEXIS 7939, 2002 WL 844345 (S.D.N.Y. May 2, 2002); ***Digital Equip. Corp. v. Currie Enterprises, Inc***., 142 F.R.D. 8 (D. Mass. 1991).

In contrast where, as here, the criminal trial has occurred and the only prospect is that of post-trial motions or appeals, this prospect is not sufficient to warrant continuing the stay. ***Bd. of Cnty. Comm'rs of Adams v. Asay***, Civil Action No. 11-cv-02238-PAB-KLM, 2012

U.S. Dist. LEXIS 174524, at *6-7 (D. Colo. Dec. 10, 2012):

> Courts in the Tenth Circuit have not yet addressed the issue of whether to grant a request for a stay by a civil defendant also appealing a criminal sentence in parallel proceedings. However, the only cases directly on point cited by the parties have found that a stay should not be imposed based on a pending criminal appeal. *See Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1214 (8th Cir. 1973); *In re Terrorist Attacks on Sept. 11, 2011*, No. 03 MDL 1570, 2011 U.S. Dist. LEXIS 136581, 2011 WL 5913526, at *4-5 (S.D.N.Y. Nov. 22, 2011); *Sparkman v. Thompson*, No. 08-01-KKC, 2009 U.S. Dist. LEXIS 57540, 2009 WL 1941907, at *2 (E.D. Ky. July 6, 2009); *United States v. Ianniello*, No. 86 Civ. 1552-CSH, 1986 U.S. Dist. LEXIS 24089, 1986 WL 7006, at *4 (S.D.N.Y. June 17, 1986). The Court has found no cases holding the opposite. *See also In re Terrorist Attacks*, 2011 U.S. Dist. LEXIS 136581, 2011 WL 5913526, at *5 (stating that the defendant did not cite any cases and the court could not find any 'in which a stay of civil discovery was [7] granted after the related criminal trial had concluded, based on the mere possibility that a successful appeal might lead to a new trial'). Rather, a stay on civil discovery in parallel proceedings is disfavored after a defendant has been tried, convicted and sentenced. *Id*. (quoting *Sparkman*, 2009 U.S. Dist. LEXIS 57540, 2009 WL 1941907, at *2). The Court agrees with this assessment, and, based on these considerations, the Court finds that the second factor weighs against imposition of a stay.

*Accord Chartis Prop. Cas. Co. v. Huguely*, Civil Action No. DKC 13-1479, 2013 U.S. Dist. LEXIS 148312, at *9 (D. Md. Oct. 15, 2013) ("But while this case is post-indictment, it is also post-trial, post-verdict, and post-sentencing, and currently on appeal. Courts that have evaluated the question of whether to stay a civil case while the related criminal case is on appeal tend against granting a stay because the defendant has been tried, convicted, and sentenced and there is only a mere possibility that a successful appeal might lead to a new trial that could require invocation of defendant's Fifth Amendment rights." (Collecting cases).

    3.    **The private interests of the plaintiff in proceeding expeditiously versus the prejudice to plaintiff caused by the delay.**  "The right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc*., 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971). A stay at this stage would essentially be indefinite, because the same rationale would implicate not only post-trial

-5-

motions but appeals.  In the meantime, witnesses go stale or missing.

4. **The private interests of, and burden on, the defendant.**  Since the trial is over, Defendant does not claim that lifting the stay will "divert essential resources necessary to the defense of his" post-trial motions.  *In re CFS-Related Secs. Fraud Litig.*, 256 F. Supp. 2d 1227, 1239-40 (N.D. Okla. 2003) (rejecting this as rationale as justifying a stay).  Nor is there necessarily any "quandary. . . regarding potential adverse inferences from exercising his Fifth Amendment privilege", *id.*, at 1240, because there is no need for Holtzclaw to offer testimony in support of post-trial motions or an appeal.

Further, there are alternatives to a stay which are particularly useful at this stage.

> Other courts have noted a variety of procedures that can be utilized to lessen the detriment to a defendant facing such a quandary. Less drastic methods in lieu of a stay include sealing answers to interrogatories, sealing answers to depositions, imposing protective orders, imposing a stay for a finite period of time, limiting a stay to a particular subject, or limiting disclosure only to counsel.

*Id.*, 256 F. Supp. 2d, at 1240 (denying a stay and instead directing "that [defendant]'s deposition be sealed and not used for any purpose outside the civil proceeding except for perjury or impeachment.").

5. **The interests of the Court.**  Such interests generally oppose granting a stay as this encourages manipulation of the civil and criminal dockets for purposes of delay:

> The interest of the Plaintiffs in the expeditious resolution of the lawsuit, and the interest of the Court in efficiently proceeding with the civil case, outweigh any detriment to [the criminal defendant] described above. *See Digital Equip. Corp.*, 142 F.R.D. at 14 (denying a stay and noting the court's lack of persuasion by defendant's argument that resolution of the criminal proceedings might streamline issues for the civil litigation. 'This court finds it unrealistic to rely upon fortuitous events to manage its docket. [A] policy of freely granting stays solely because a litigant is defending simultaneous multiple suits interferes with judicial administration.') (citations omitted [by the court]).

*In re CFS*, 256 F. Supp. 2d, at 1242.

6. **The public's interest.**  "The public has an interest in both the prompt

resolution of civil cases as well as the fair prosecution of criminal cases." *In re CFS*, 256 F. Supp. 2d, at 1242 (quotation omitted). Moreover, "[w]hen a plaintiff succeeds in remedying a civil rights violation, we have stated, he serves 'as a "private attorney general," vindicating a policy that Congress considered of the highest priority.'" *Fox v. Vice*, 563 U.S. 826, __, 131 S.Ct. 2205, 2213 (2011) (quoting *Newman v. Piggie Park Enterprises, Inc*., 390 U.S. 400, 402 (1968) (per curiam)). Thus, the public interest in expeditious resolution of the case is heightened here and weighs against the stay.

**WHEREFORE,** all of the relevant interests oppose continuing the stay.

## III. - PROCEEDINGS AGAINST OKLAHOMA CITY SHOULD NOT BE STAYED

Even if a continued stay of proceedings against Holtzclaw would be proper- a matter disputed by Prop. II- no argument is made why Plaintiff should not be able to proceed with her action against the Defendant Oklahoma City.

> The underlying principle in determination of whether to grant or deny a stay clearly is that '[t]he right to proceed in court should not be denied except under the most extreme circumstances.' *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc*., 713 F.2d 1477, 1484 (10th Cir.1983)(quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir.1971). *A stay of all discovery is generally disfavored*. *See Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF— BNB, 2007 U.S. Dist. LEXIS 15054, 2007 WL 683973, at*2 (D.Colo. Mar. 2, 2007).

*Williams v. McKee*, No. 13 - CV - 2546 - PAB - GPG, 2014 U.S. Dist. LEXIS 108907, at *3 (D. Colo. Aug. 7, 2014).

Here there is no explanation as to why discovery and the suit against Oklahoma City should be stayed.

Allowing discovery against the City does not implicate Holtzclaw's Fifth Amendment rights nor can it interfere with the State's investigation and prosecution as both the investigation and prosecution are completed.

**WHEREFORE,** the absent of a showing of interference with rights should preclude

continuance of a stay of the entire case and should mandate that the Plaintiff be- at the very least- be allowed to pursue her claims against the City.

**RESPECTFULLY SUBMITTED THIS 18th DAY OF DECEMBER, 2015.**

> s/Mark Hammons
> Mark Hammons, OBA No. 3784
> Leah M. Roper, OBA # 32107
> HAMMONS, GOWENS, HURST & ASSOCIATES
> 325 Dean A. McGee Avenue
> Oklahoma City, Oklahoma 73102
> Telephone: (405) 235-6100
> Facsimile: (405) 235-6111
> Email: Mark@hammonslaw.com
>      leah@hammonslaw.com
> ATTORNEY LIEN CLAIMED
> *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

A true copy of the foregoing was filed and served by use of this Court's ECF system of filing and service on counsel below listed on this 18th day of December, 2015.

| | |
|---|---|
| Richard C. Smith | Stacey Haws Felkner, OBA # 14737 |
| Jennifer M. Warren | Susan Ann Knight, OBA # 14594 |
| 200 N. Walker, Suite 400 | 211 N. Robinson Ave., Ste. 800N |
| Oklahoma City, OK 73102 | Oklahoma City, OK 73102 |
| Ph:    (405) 297-2451 | Ph:   405-235-4671 |
| Fax:   (405) 297-3851 | Fax: 405-235-5247 |
| rick.smith@okc.gov | sfelkner@fentonlaw.com |
| jennifer.warren@okc.gov | susanannknight@gmail.com |
| *Attorneys for the City of Oklahoma City* | *Attorneys for Officer Holtzclaw* |

> s/Mark Hammons